UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT R. GIBSON,

                Plaintiff,

vs.                       Case No.  2:06-cv-146-FtM-29DNF

MONACO COACH CORPORATION, MARK'S
R.V. & BOAT SALES, FORT MYERS, LLC,
CUMMINS, INC.,

                Defendants.

_____

**OPINION AND ORDER**

_____This matter comes before the Court on Defendant Mark's RV & Boat Sales, Fort Myers, LLC's Motion to Dismiss and/or Motion to Strike Pleadings (Doc. #5) filed on March 22, 2006. Plaintiff Robert R. Gibson filed his Response on May 12, 2006. (Doc. #24.) In the Response, plaintiff references exhibits which he attached with the brief. (Id.) These exhibits were not included with the Complaint.

**I.**

In the Complaint, plaintiff alleged that he entered into a sales transaction to purchase a 2004 Monaco Coach Model 38PDQ (the Motor Home), from defendant Mark's RV and Boat Sales, LLC (the Dealer) on July 23, 2004. Defendant Monaco Coach Corporation (the Manufacturer) manufactured the Motor Home and provided a warranty that "the entire vehicle would be free of defects in materials or workmanship for the first twelve (12) months, or 24,000 miles,

whichever occurred first, from the date of delivery of the vehicle to the Plaintiff." (Doc. 32, p. 2, ¶ 5.) Five days later, plaintiff returned the Motor Home to the Dealer "upon discovering defects/non-conformities in the materials or workmanship of the vehicle." (Id., ¶ 8.) Throughout the following nine months, plaintiff brought the Motor Home for repairs to the Dealer. Plaintiff alleged that the repairs were necessary due to the alleged manufacturer defects. In January 2005, plaintiff again returned the Motor Home to the Dealer for further repairs.

On February 14, 2006, plaintiff filed a four-count Complaint against the Dealer, the Manufacturer, and defendant Cummins, Inc. in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida, and alleged the following causes of action: (1) an express warranty claim under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312, (the "Magnuson Act") against the Manufacturer (Count I); (2) a motor vehicle sales warranty enforcement claim under § 681.1095(1) of the Florida Statutes against the Manufacturer (Count II); (3) a revocation of acceptance claim under § 672.608 of the Florida Statutes against the Dealer (Count III); and (4) a diesel engine sales warranty claim against the manufacturer of the engine, defendant Cummins, Inc. The Dealer was served with the Complaint on February 24, 2006, and timely removed the matter to federal court on March 22, 2006 (Doc. #1). On the same day, the Dealer filed the instant motion.

## II.

### A.  Motion to Dimiss

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).  A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc).   To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).  The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

The Dealer seeks dismissal of Count III, which alleges a claim under Section 672.608 of the Florida Statutes.  Section 672.608 of the Florida Statutes governs the revocation of a buyer's acceptance in whole or in part in a sales transaction, and provides in pertinent part:

(1) The buyer may revoke her or his acceptance of a lot or commercial unit whose nonconformity substantially impairs its value to her or him if she or he has accepted it:

(a) On the reasonable assumption that its nonconformity would be cured and it has not been seasonably cured; or

(b) Without discovery of such nonconformity if her or his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.

(2) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.

FLA. STAT. § 672.608.  A two year delay in revoking acceptance of a defective item may be considered a reasonable period of time where the buyer never indicated that he was satisfied with the seller's repeated attempts to repair the defective item.  Bair v. A.E.G.I.S. Corp., 523 So. 2d 1186, 1189 (Fla. 2d DCA 1988).  The Dealer contends that "[b]y failing to state the exact date on which notice of revocation was given to Dealer, the Plaintiff cannot show that notice was reasonable and therefore fails to properly state a claim for revocation of acceptance."  (Doc. #5, p. 3.)  The Court disagrees.

Taking all allegations as true, the Court finds that plaintiff adequately stated a claim under Count III.  The Complaint alleges that upon discovery that the Motor Home was a defective item, plaintiff returned the vehicle to the Dealer.  (Doc. #2, ¶¶ 8-10.) The Complaint further alleges that the defects/non-conformities

-4-

were in the materials or workmanship of the vehicle (id., ¶ 8), and
"the defects . . . substantially impaired the value and use of the
vehicle to the Plaintiff and further decreased the actual value of
the vehicle[]" (id., ¶ 41).   The Complaint continues: "upon the
discovery of said defects, the Plaintiff reasonably relied upon the
assurances of Dealer that the defects would be cured, and they have
not been reasonably cured[]" (id., ¶ 43), and that plaintiff
returned the Motor Home to the Dealer less than nine months after
purchasing the vehicle (id., ¶¶ 10-11).   While precise dates in a
complaint are useful, they are not mandatory if the complaint is
otherwise sufficient.   Spain v. Brown & Williamson Tobacco Corp.,
363 F.3d 1183, 1187-88 (11th Cir. 2004).   The Court finds that
plaintiff provided the requisite notice of revocation required
under the federal pleading requirements.   Additionally, to the
extent notice is a condition precedent, the Complaint alleges that
all condition precedents have been met or waived.   (Id., ¶ 40.)
This is permitted under Fed. R. Civ. P. 9(c).   Thus, the Court
concludes that defendant's Motion to Dismiss Count III is due to be
denied.[1]

**B. Motion to Strike**

Defendant also moves to strike plaintiff's demand for
attorneys' fees.   Defendant contends that plaintiff failed to

---

[1]In ruling on the instant motion, the Court did not convert
the Motion to Dismiss to a motion for summary judgment, and
therefore, did not consider the attached exhibits to plaintiff's
Response.

comply with the safe harbor provision of § 57.105(4) of the Florida Statutes and that plaintiff's demand is premature because it has not yet made any claim or defense in the case.  (Doc. #5, p. 4-5.) Plaintiff provides no response other than a recitation of the statutory provision.  (Doc. # 24, p. 9.)

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, a party may move to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" within the pleadings.  The court enjoys broad discretion in determining whether to grant or deny these motions to strike. Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976).  Section 57.105 of the Florida Statutes authorizes the Court to award attorney's fees as sanctions for raising unsupported claims or defenses, and includes a safe harbor provision requiring the party seeking sanctions to allow twenty-one (21) days for the challenged defense, contention, allegation, or denial to be withdrawn or appropriately corrected.  FLA. STAT. § 57.105.

The Court agrees with defendant that there can as yet be no viable claim for attorney fees pursuant to § 57.105.  Defendant has not yet made any claim or defense in this case, and the procedural safe harbor provision has obviously not been followed.  Thus, the Motion to Strike the demand for attorney's fees in the Complaint is due to be granted.

Accordingly, it is now

**ORDERED:**

Defendant Mark's RV & Boat Sales, Fort Myers, LLC's Motion to Dismiss and/or Motion to Strike Pleadings (Doc. #5) is **GRANTED IN PART AND DENIED IN PART.**  The Motion to Strike is granted as to the demand for attorney's fees under Count III.  The Motion to Dismiss Count III is denied.

**DONE AND ORDERED** at Fort Myers, Florida, this __27th__ day of July, 2006.


_____

JOHN E. STEELE
United States District Judge


Copies:
Counsel of record